**McGLINCHEY STAFFORD**
Adam Hamburg (SBN 247127)
ahamburg@mcglinchey.com
Dhruv Sharma (SBN 279545)
dsharma@mcglinchey.com
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040

Attorneys for *Defendants* **OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS SANDIGO,<br><br>    Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3, ASSET BACKED CERTIFICATES, SERIES 2007-3 and DOES 1-100,<br><br>    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>State Court Case No. 17CV308431<br>Action Filed:  April 11, 2017<br>Trial Date: |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-3, Asset Backed Certificates, Series 2007-3 ("U.S. Bank") (collectively "Defendants"), by and through their counsel of record, hereby remove the above-captioned action brought by Plaintiff Phyllis Sandigo ("Plaintiff") from the Superior Court of the State of California, in and for the County of Santa Clara, to the United States District Court for the Northern District of California, on the basis of federal question jurisdiction.

1
**NOTICE OF REMOVAL**

**I.    BACKGROUND**

1.    On April 11, 2017, Plaintiff commenced an action in the Superior Court of the State of California for the County of Santa Clara ("Superior Court") by filing a Complaint (the "Complaint") against Defendants, which initiated *Phyllis Sandigo v. Ocwen Loan Servicing, LLC*, *et al.*, Case Number 17CV308431 (the "State Court Action"). True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet are collectively attached hereto as **Exhibit 1**.

2.    On April 12, 2017, Defendants were served with a copy of the Complaint. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure Rule 6, this notice has been timely filed.

3.    On May 8, 2017, Defendants filed an Answer to the Complaint (the "Answer"). A true and correct copy of the Answer is attached hereto as **Exhibit 2**. Defendants are informed and believe that the Summons, Complaint, Civil Case Cover Sheet, and the Answer constitute all process, pleadings, and orders in the State Court Action.

4.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the removal of the State Court Action to all adverse parties and will file a copy of this notice with the Clerk of the Santa Clara County Superior Court.

**II.    VENUE**

5.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of California – San Jose Courthouse is the proper venue for the removed State Court Action because it is the judicial district and division in which the State Court Action is pending.

**III.    FEDERAL QUESTION JURISDICTION**

6.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether Defendants violated "laws…of the United States." *See* 28 U.S.C. § 1331. Specifically, the Complaint alleges that Defendants violated The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, (*see* Compl., ¶¶ 88-99.) Specifically, in connection with Plaintiff's RESPA claim, Plaintiff alleges that Plaintiff "…submitted letters to Ocwen dated July 26, 2016, November 2, 2016, and December 26, 2016. Each of these letters met all of the requirements for a 'Notice of Error' under

RESPA. The letters included, or otherwise enabled Ocwen to identify the Plaintiff's name and account, and included a statement of the reasons for the Plaintiff's belief that the account was in error" (Compl., ¶ 90.) Plaintiff also alleges that Ocwen was required to respond to these letters in the manner set forth in 12 U.S.C. §§ 2605e(1)(A) & (2) and 12 C.F.R. §§ 1024.35(d) & (e), but failed to do so, which constitutes a violation of RESPA. "(Compl., ¶¶ 92-96.)

By virtue of these claims, the resolution of this action will necessarily require the Court to adjudicate disputed questions of federal law. It follows that Defendants may remove the State Court Action to this Court pursuant to the provisions of 28 U.S.C. § 1441. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

7.   To the extent Plaintiff's Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's federal claims; and (ii) relate to the same subject matter; namely Ocwen's servicing of Plaintiff's mortgage loan. Accordingly, Plaintiff's state-law claims are related to Plaintiff's federal question allegations, thereby forming a part of the "same case and controversy" pursuant to 28 U.S.C. § 1367(a).

**IV.   RESERVATION OF RIGHTS**

8.   Defendants reserves the right to supplement this notice when, and if, additional information becomes available. In addition, Defendants reserve all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

WHEREFORE, Defendants pray that the State Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED: May 11, 2017 **McGLINCHEY STAFFORD**

By: /s/ *Adam S. Hamburg*
    ADAM HAMBURG
    DHRUV SHARMA
Attorneys for *Defendants* **OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAA Home Equity Trust 2007-3, Asset-Backed Certificates, Series 2007-3**