# EXHIBIT "2"

1  **McGLINCHEY STAFFORD**
   Adam Hamburg (SBN 247127)
2  Dhruv Sharma (SBN 279545)
   18201 Von Karman Avenue, Suite 350
3  Irvine, California 92612
   Telephone:   (949) 381-5900
4  Facsimile:   (949) 271-4040
   Email:        ahamburg@mcglinchey.com
5                dsharma@mcglinchey.com

6  Attorneys for *Defendants* OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL
   ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3, ASSET-
7  BACKED CERTIFICATES, SERIES 2007-3

**ENDORSED**

**2017 MAY -8   A  9: 08**

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
                    DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SANTA CLARA, DOWNTOWN SUPERIOR COURT**

10

| | |
|---|---|
| 11  Phyllis Sandigo, | Case No.:  17CV308431 |
| 12          Plaintiff, | Assigned to the Hon. William J. Elfving Dept.: 3 |
| 13  v. | [Unlimited Jurisdiction] |
| 14  Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee for GSAA Home | **DEFENDANTS' ANSWER TO** |
| 15  Equity Trust 2007-3, Asset Backed Certificates, Series 2007-3 and Does 1-100, | **PLAINTIFF'S COMPLAINT** |
| 16          Defendants. | Action Filed:  April 11, 2017 |
| 17 | Trial Date:     NA |

18          Defendants OCWEN LOAN SERVICING, LLC ("Ocwen") and U.S. BANK NATIONAL
19  
20  ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3, ASSET-BACKED
21  CERTIFICATES, SERIES 2007-3 by ("U.S. Bank') (collectively the "Defendants") by and through
22  their counsel of record, hereby answer the unverified Complaint of Plaintiff PHYLLIS SANDIGO
23  ("Plaintiff") as follows:

                              **GENERAL DENIAL**

24          Pursuant to Sections 431.10, *et seq.*, of the California *Code of Civil Procedure*, Defendants
25  
26  deny, both generally and specifically, each and every allegation and cause of action of the
27  Complaint, and deny that Plaintiff is entitled to any relief whatsoever.

28

---

                                    1
                      **ANSWER TO COMPLAINT**

894062.1

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to Plaintiff's Complaint, and without waving any denial and/or affirmative defense, Defendants hereby plead the following separate affirmative defenses. Defendants expressly reserve the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      As a separate and first affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(No Injury or Damage)**

2.      As a separate and second affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendants are responsible.

**THIRD AFFIRMATIVE DEFENSE**

**(All Obligations Performed)**

3.      As a separate and third affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that they have fully and/or substantially performed any and all obligations they may have owed to Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

4.      As a separate and fourth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that the actions they took were in full compliance with the law.

2

**ANSWER TO COMPLAINT**

894062.1

**FIFTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

5.     As a separate and fifth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that by virtue of Plaintiff's acts, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Defendants' acts and/or omissions alleged in the Complaint were justified and/or excused.

**SIXTH AFFIRMATIVE DEFENSE**

**(California Civil Code Section 2923.6(g))**

6.     As a separate and sixth affirmative defense to the Complaint, and to Plaintiff's causes of action for violation of the California Homeowner Bill of Rights ("HBOR") set forth therein, Defendants allege that Plaintiff's causes of action are barred by California Civil Code Section 2923.6 (g).

**SEVENTH AFFIRMATIVE DEFENSE**

**(California Civil Code Section 2924.12(c))**

7.     As a separate and seventh affirmative defense to the Complaint, and to Plaintiff's causes of action for violation of HBOR set forth therein, Defendants allege that California Civil Code Section 2924.12(c) precludes any liability against them and precludes any injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Mistake)**

8.     As a separate and eighth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that their conduct or omissions that give rise to Plaintiff's causes of action are the result of mistake.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

9.     As a separate and ninth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that Plaintiff, by her acts, conduct and/or omissions, has ratified Defendants' acts, conduct and omissions, if any. Accordingly, Plaintiff is barred from

3

**ANSWER TO COMPLAINT**

894062.1

1  seeking any relief from Defendants.

2  ### TENTH AFFIRMATIVE DEFENSE

3  ### (Consent)

4  10.    As a separate and tenth affirmative defense to the Complaint, and to the causes of

5  action set forth therein, Defendants allege that Plaintiff is barred from prosecuting the purported

6  causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting

7  on her behalf, consented to and acquiesced in the conduct and omissions alleged in the Complaint.

8  ### ELEVENTH AFFIRMATIVE DEFENSE

9  ### (Estoppel)

10  11.    As a separate and eleventh affirmative defense to the Complaint, and to the causes of

11  action set forth therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting

12  the purported causes of action set forth in the Complaint by the doctrine of estoppel.

13  ### TWELFTH AFFIRMATIVE DEFENSE

14  ### (Causation)

15  12.    As a separate and twelfth affirmative defense to the Complaint, and to the causes of

16  action set forth therein, Defendants allege that the damages Plaintiff alleges to have suffered in the

17  Complaint were not caused, either in-fact or proximately, by Defendants' alleged acts or failures to

18  act.

19  ### THIRTEENTH AFFIRMATIVE DEFENSE

20  ### (Failure to Mitigate)

21  13.    As a separate and thirteenth affirmative defense to the Complaint, and to the causes of

22  action set forth therein, Defendants allege that Plaintiff's claims are barred by her failure, and/or the

23  failure of the persons and/or entities acting on her behalf, to mitigate any purported damages.

24  ### FOURTEENTH AFFIRMATIVE DEFENSE

25  ### (Laches)

26  14.    As a separate and fourteenth affirmative defense to the Complaint, and to the causes

27  of action set forth therein, Defendants allege that Plaintiff is barred in whole or in part from

28  prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

894062.1

1

2

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

3      15.      As a separate and fifteenth affirmative defense to the Complaint, and to the causes of

4      action set forth therein, Defendants allege that Plaintiff has an adequate remedy at law.

5

### SIXTEENTH AFFIRMATIVE DEFENSE

6

### (Waiver)

7      16.      As a separate and sixteenth affirmative defense to the Complaint, and to the causes of

8      action set forth therein, Defendants allege that, as a result of Plaintiff's own acts and/or omissions,

9      Plaintiff has waived any right which she may have had to recover any relief from Defendants.

10

### SEVENTEENTH AFFIRMATIVE DEFENSE

11

### (Unclean Hands)

12     17.      As a separate and seventeenth affirmative defense to the Complaint, and to the causes

13     of action set forth therein, Defendants allege that Plaintiff is barred in whole or in part from

14     prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean

15     hands.

16

### EIGHTEENTH AFFIRMATIVE DEFENSE

17

### (Unjust Enrichment)

18     18.      As a separate and eighteenth affirmative defense to the Complaint and to the causes

19     of action set forth therein, Defendants allege that Plaintiff's requested relief is barred in whole or in

20     part by the doctrine of unjust enrichment.

21

### NINETEENTH AFFIRMATIVE DEFENSE

22

### (No Standing Under California Business and Professions Code Section 17204)

23     19.      As a separate and nineteenth affirmative defense to the Complaint, and to the second

24     cause of action set forth therein, Defendants allege that Plaintiff does not have standing under

25     California Business and Professions Code Section 17204.

26

27

28

5

**ANSWER TO COMPLAINT**

894062.1

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Attorneys' Fees Barred)

3        20.    As a separate and twentieth affirmative defense to the Complaint, and to the causes of

4    action set forth therein, Defendants allege that Plaintiff is not entitled to attorneys' fees under

5    HBOR.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7

### (Offset)

8        21.    As a separate and twenty-first affirmative defense to the Complaint, and to the causes

9    of action set forth therein, any injury or damage to Plaintiff are offset by amounts owed to

10   Defendants, which amount will be determined according to proof at trial.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

12

### (Conduct of Others)

13       22.    As a separate and twenty-second affirmative defense to the Complaint, and to the

14   causes of action set forth therein, the injuries and damages, if any, sustained by Plaintiff at the times

15   and places alleged in the Complaint were a direct and proximate result of the conduct and omissions

16   of other defendants or third parties, and, therefore, any award made in favor of Plaintiff in this case

17   must be divided between the defendants so that each pays only its fair share in relationship to its

18   amount of fault.

19

## TWENTY-THIRD AFFIRMATIVE DEFENSE

20

### (Statute of Limitations)

21       23.    As a separate and twenty-third affirmative defense to the Complaint, and to the causes

22   of action set forth therein, Defendants allege that the Complaint and each of its causes of action are

23   barred by reason of the applicable statutes of limitation, including, but not limited to, the statutes of

24   limitation set forth in Code of Civil Procedure sections 337(1), 338(a), (c), (d), (g), and 343,

25   Business & Professions Code § 17208, Civil Code §§ 1788.30(f) and 1785.33, 12 U.S.C.A. § 2614,

26   and 15 U.S.C.A. § 1681p.

27

28

**ANSWER TO COMPLAINT**

894062.1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Preemption)**

24.     As a separate and twenty-fourth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that Plaintiff's cause of action for Violation of the California Credit Reporting Agencies Act is preempted by 15 U.S.C. § 1681t.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

25.     As a separate and twenty-fifth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that no private right of action exists that would allow Plaintiff to maintain a claim against Defendant for Violation of the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

26.     As a separate and twenty-sixth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that the Complaint and each of its causes of action are barred by reason of the doctrine of assumption of risk.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Restitution/Disgorgement)**

27.     As a separate and twenty-seventh affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants affirmatively assert that Defendants do not hold any funds that belong to Plaintiff, and therefore, Plaintiff is not entitled to restitution or disgorgement from Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality)**

28.     As a separate and twenty-eighth affirmative defense to the Complaint, and to the causes of action set forth therein, Defendants allege that any finding of liability pursuant to California Business & Professions Code § 17200, et seq., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of

7

ANSWER TO COMPLAINT

894062.1

liability under those statutes are unduly vague and subjective; and the Due Process Clauses of the United States and California Constitutions and Article III, Section 3 of the California Constitution, and Articles V and VI of the California Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation)

29.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available. Defendants reserve herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

### PRAYER

**WHEREFORE**, Defendants pray for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.     That Defendants be awarded their attorneys' fees and costs incurred in defending this action; and

4.     That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: May 5, 2017                                    **McGLINCHEY STAFFORD**

By:_____
**ADAM HAMBURG**
**DHRUV SHARMA**
Attorneys   for   *Defendants*   **OCWEN   LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAA Home Equity Trust 2007-3, Asset-Backed Certificates, Series 2007-3**

8

**ANSWER TO COMPLAINT**

894062.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
                     )     **ss.**

**COUNTY OF ORANGE** )

I, Marina Hegel, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Avenue, Suite 350, Irvine, California 92612.

On May 5, 2017, I served the document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒      **BY MAIL**: as follows:

☒      **STATE** - I am "readily familiar" with McGlinchey Stafford's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐      **BY CERTIFIED MAIL** as follows: I am "readily familiar" with McGlinchey Stafford's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to McGlinchey Stafford's ordinary business practice.

☐      **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐      **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐      **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐      **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒      **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 5, 2017, at Irvine, California.

_____
Marina Hegel

1

**PROOF OF SERVICE**

894069.1

1

2

**SERVICE LIST**
**Santa Clara County Superior Court Case No. 17CV308431**
**PHYLLIS SANDIGO v. OCWEN LOAN SERVICING, LLC, et al.**
**File # 104938.2068**

3

4

5

6

William E. Kennedy, Esq.
CONSUMER LAW OFFICE OF WILLIAM E.
KENNEDY
2797 Park Avenue
Suite 201
Santa Clara, CA 95050

Attorney for Plaintiff **PHYLLIS SANDIGO**

Tel: (408) 241-1000
Fax: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

894069.1