UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS SANDIGO,<br><br>        Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, and others,<br><br>        Defendants. | Case No. 17-cv-002727 BLF (NC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND SETTING BRIEFING SCHEDULE ON EXPENSES AND SANCTIONS AGAINST DEFENDANT OCWEN AND ITS COUNSEL** |

When it comes to civil discovery, there is an easy way and a hard way. The easy way is to comply with the procedural tools and deadlines set forth in the Federal Rules of Civil Procedure. The hard way is to delay; obfuscate; object; change course; object again; delay; and then object one more time.

Most parties and their counsel choose the easy way. Some choose the hard way. In this case, defendant Ocwen Loan Servicing, LLC, through its attorneys from the McGlinchey Stafford law firm in Irvine, California, have repeatedly chosen the hard way. This decision has frustrated justice and has caused needless expense and delay for plaintiff and her counsel.

A small example illustrates the path taken by defendant Ocwen and its counsel. Plaintiff Sandigo served her first set of discovery requests on October 9, 2017. ECF 40. Four months later, Ocwen had yet to produce a single document or to answer a single interrogatory. *Id.* After frustrated and repeated attempts at meeting and conferring with defendants' counsel, plaintiff then sought relief from the Court. *Id.* After a hearing on

Case No. 17-cv-002727 BLF (NC)

February 14, the Court found that Ocwen's late disclosures were not "substantially justified" making payment of expenses appropriate under Fed. R. Civ. P. 37(a)(5). ECF 50. The Court ordered the parties to confer about expenses and sanctions and, if they could not agree, to submit their positions by February 28 (later extended to March 9). *Id.*

Ocwen then doubled down. Rather than produce all responsive documents and agree to pay reasonable expenses, Ocwen took the position that "it should not be sanctioned" and that it wished to "fully brief these issues in a motion to compel brought pursuant to FRCP 37." ECF 62 at 7 n.2. Simultaneously while taking this stance, Ocwen continued to slow-roll and object to further discovery from plaintiff. This caused Sandigo to submit two more discovery letter briefs, totaling 135 pages of additional material. ECF 62, 64. These briefs are discussed in more detail below.

Where does that leave plaintiff Sandigo? Ten months after her basic discovery requests, Ocwen has produced partial responses, has produced some but not all documents, and is demanding that plaintiff file a full motion for sanctions under Rule 37 before it will fully comply with its discovery obligations.

As spelled out below, the hard way is the wrong way. Plaintiff's motion to compel is GRANTED and the Court will consider an appropriate sanction for defendant Ocwen and its counsel after full briefing and a hearing.

**BACKGROUND**

According to the operative First Amended Complaint, plaintiff Phyllis Sandigo is a senior and widow, living on a fixed income. ECF 38. She has owned and lived in her home in Santa Clara County for more than 40 years. Ocwen is the current servicer of Sandigo's home loan. *Id.* at ¶ 7. Sandigo alleges that in June 2016 Ocwen sprung on her a letter falsely stating that she was past due $6,266.55 on her mortgage loan, when in fact she was current on her loan and had been for years. *Id.* at ¶ 1. From there, Sandigo alleges that Ocwen commenced a "relentless and unlawful collection campaign" that included threats of foreclosure and the recording of a Notice of Default. *Id.* She claims that as a result of defendants' unlawful acts and omissions, she has suffered significant emotional

Case No. 17-cv-02727 BLF (NC)          2

distress and a fear of losing her home. *Id.*

Sandigo filed her original complaint in state court in April 2017. In May 2017, defendants removed the case to this Court. ECF 1. Sandigo filed her First Amended Complaint on January 19, 2018. ECF 38. It asserts the following claims: (1) California Homeowner's Bill of Rights, California Civil Code § 2924.11 and § 2924.17; (2) Rosenthal Act, California Civil Code § 1788; (3) Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; (4) conversion; (5) Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1; (6) Unfair Competition, California Business & Professions Code § 17200; and (7) Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). All of the claims are asserted against defendant Ocwen, and counts one, five, six, and seven are also asserted against defendant U.S. Bank as the trustee for the investor on the loan.

Defendants answered the First Amended Complaint. ECF 39. All discovery is referred to the undersigned magistrate judge. ECF 12.

**ANALYSIS**

The discovery requests at issue are portions of plaintiff's first set of requests for documents, interrogatories, and admissions to defendant Ocwen. Plaintiff served the requests on October 9, 2017, and they may be found at ECF 42. A reader interested in the complete history could review the initial February 5 letter brief at ECF 40, Ocwen's response at ECF 45, the Court's February 14 order at ECF 50, the joint update at ECF 62, and the joint supplement at ECF 64. The Court here will focus on the supplement at ECF 64 because it has the most recent statement as to the respective positions of the parties.

The general scope of discovery under Rule 26(b)(1) is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 37 sets forth the range of sanctions that are available when a party fails to cooperate or to make required disclosures. For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Having reviewed Sandigo's requests, Ocwen's objections, and the updates filed in

Case No. 17-cv-02727 BLF (NC)    3

1   ECF 62 and 64, the Court rules as follows.  The Court GRANTS Sandigo's motion to
2   compel as to document Request for Production Nos. 1(e), 2-6, 8, 9, 10, 11-13, 15, 16-24,
3   25, 27, and 28.  The Court determines that these materials are relevant and proportional to
4   the needs of the case.  As to requests Nos. 25 and 27, only, concerning complaints, consent
5   orders, and Attorney General Actions, the time period will be limited to the years 2016 and
6   2017.
7         One particular type of objection raised by Ocwen deserves special attention.  *See*
8   ECF 62 at pp. 6-7.  In its response to the document requests, Ocwen had a "Prefatory
9   Statement" and nine "General Objections" and then incorporated by reference the General
10  Objections into its itemized objections.  ECF 40-3.  Then, in many of its responses, Ocwen
11  stated that "Subject to and without waiving these objections . . ." it would produce non-
12  privileged responsive documents.  This approach is inconsistent with by Fed. R. Civ. P.
13  34(b)(2)(C).  "An objection must state whether any responsive materials are being
14  withheld on the basis of that objection.  An objection to part of a request must specify the
15  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  A response with
16  "Subject to and without waiving these objections . . ." can confuse or mislead the
17  requesting party as to whether the responding party has fully or only partially responded to
18  the discovery request.  *Woodard v. Labrada*, 2017 WL 1018306, at *4 (C.D. Cal. Mar. 6,
19  2017) (citing *Estridge v. Target Corp.*, 2012 WL 527051, at *1–2 (S.D. Fla. Feb. 16,
20  2012)).  At bottom, Sandigo and the Court cannot discern whether Ocwen has or will
21  produce all responsive documents or whether it is shielding responsive documents behind
22  one of its many objections.
23        Next, the Court considers a category referred to by Sandigo at ECF 64 p. 3 as
24  "Missing Documents."  The Court understands this category to be a request for Ocwen to
25  search for and produce (1) internal emails; and (2) screenshots, for non-privileged
26  documents responsive to requests Nos. 1(c), 1(d), 1(i), 1(j), 8, 9, 11, 12, and 14.  The Court
27  GRANTS the request, but limits it to the time period ending January 18, 2018, which is the
28  date upon which plaintiff was granted leave to file the First Amended Complaint.  ECF 37.

Case No. 17-cv-02727 BLF (NC)                4

The Court also GRANTS the motion to compel as to interrogatory requests Nos. 6, 10, 11, and 12. The Court finds these interrogatories ask for relevant and proportional information.

The Court GRANTS Sandigo's motion to compel the production and filing of a further declaration of compliance. At ECF 48 and 50, the Court ordered Ocwen to file a declaration "by a person with knowledge attesting to the status of defendants' responses to the first set of document and interrogatory requests, and describing the categories of documents that have been produced to plaintiff." Ocwen responded by filing a declaration by attorney Adam Hamburg at ECF 54. It says it is based on facts "within my personal knowledge or based on information from McGlinchey's business records . . ." ECF 54 ¶ 2. There is no way for Sandigo or the Court to question "McGlinchey's business records." The declarant or declarants must declare facts that they personally know, without a squishy reference to other records.

Finally, the Court considers the issue of sanctions and the payment of expenses. Under Fed. R. Civ. P. 37(a)(5), if a motion to compel discovery is granted, the Court must, after giving the opportunity to be heard, require the party whose conduct necessitated the motion (Ocwen), the party or attorney advising that conduct (counsel of record from the McGlinchey Stafford law firm), or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. On the other hand, the Court must *not* order this payment if (i) Sandigo filed the motion before attempting in good faith to obtain the discovery without court action; (ii) Ocwen's nondisclosure, response, or objection was "substantially justified"; or (iii) "other circumstances" make an award unjust. Fed. R. Civ. P. 37(a)(5).

Additionally, Fed. R. Civ. P. 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the Court may "issue further just orders." That rule provides seven examples of consequences, ranging from a stay of the case to a default judgment against the offending party.

Ocwen has requested the opportunity to fully brief these issues in a motion brought

Case No. 17-cv-02727 BLF (NC)   5

under Rule 37. ECF 62 at p. 7 n.2. The request for full briefing and a hearing is GRANTED. Sandigo may file a motion for expenses and sanctions under Rule 37 by August 31. Ocwen must respond by September 14. Sandigo may reply by September 21. The Court will hold a hearing October 3, 2018, at 1:00 p.m. in San Jose courtroom 7. Counsel for Ocwen and a client representative must be personally present. Ocwen's counsel must provide a copy of this order to their client by July 20.

## CONCLUSION

This is an extraordinary discovery order that should not have been necessary. In the time since the discovery requests in this case were served on Ocwen, hundreds of other parties before this Court have successfully exchanged discovery without need for Court intervention. A motion for sanctions is rarely filed, let alone granted.

As detailed above, plaintiff Sandigo's motion to compel against Ocwen is GRANTED. By August 10, 2018, Ocwen must serve amended document and interrogatory and document responses, and produce all non-privileged responsive documents for each of the categories identified in this order. By that same date, Ocwen must file a declaration by a person with knowledge attesting to the status of defendants' responses to the first set of document and interrogatory requests, and describing the categories of documents that have been produced to plaintiff. Sandigo's motion for an award of expenses and sanctions is due August 31 and the hearing set October 3.

Any party may object to this nondispositive order, but must do so within 14 days of being served. Fed. R. Civ. P. 72(a). This order resolves ECF 62 and 64.

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge