# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PHYLLIS SANDIGO,<br>　　　　Plaintiff,<br>　v.<br>OCWEN LOAN SERVICING, LLC, et al.,<br>　　　　Defendants. | Case No. 17-cv-02727-BLF<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 68] |

Defendant Ocwen Loan Servicing, LLC ("Defendant") filed a Motion for Relief from Magistrate Judge Nathanael M. Cousins' Nondispositive Pretrial Order. Mot., ECF 68; Order, ECF 67. It argued, in part, that the Order as to Requests for Production Nos. 25 and 27 ("RFPs") disproportionately burdens Defendant because it requires production of certain Fair Debt Collection Practices Act "complaints"—a term Defendant argues is undefined and might require Defendant to review millions of documents. *See* Mot. at 5. This Court ordered additional briefing on the issue. *See* ECF 69. In her response, Plaintiff Phyllis Sandigo ("Plaintiff") argues that she made Defendant aware that the term "complaints" is "limited to judicial or administrative actions initiated against Defendant with the time period of 2016–2017." Opp., ECF 70, at 1–2. For purposes of resolving this discovery dispute, the Court accepts Plaintiff's clarification that narrows and defines "complaints" to include only "judicial or administrative actions." In its reply, Defendant argues that the requests are unduly burdensome, specifically because RFP No. 27 requests "all documents related to" such complaints, and because Defendant does not maintain records that would easily allow it to determine which documents are relevant to the requests. *See* Reply, ECF 71, at 1–2.

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential— the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

In regard to RFP No. 25, Judge Cousins clearly applied the appropriate legal standard under Fed. R. Civ. P. 26(b)(1) in determining whether the RFP was disproportionate to the needs of the case, as he limited the relevant RFPs with respect to the time period. Moreover, Judge Cousins' Order was a proper exercise of his discretion and was not contrary to law, given that the term "complaints" is limited to "judicial or administrative actions initiated against Ocwen" from 2016 to 2017 (Opp. at 4). *See Grimes*, 951 F.2d at 241 ("The reviewing court may not simply substitute its judgment for that of the deciding court.").

However, the Court is concerned that the Order may not have properly applied the proportionality standard to RFP No. 27. RFP No. 27 requests "ALL DOCUMENTS RELATED TO any complaints regarding any state attorney general's office against YOU, regarding credit reporting, including YOUR investigation in response to those complaints . . . ." Defendant argues that RFP No. 27 is so broad as to require it to produce all documents it has reviewed in relation to any such complaints. *See* Reply at 1. It suggests that in regard to state agency complaints, vast numbers of its 1.3 million loan servicing files could be implicated, which would "cripple Ocwen's business operations." *Id.* at 2. Plaintiff argues that the Order considered these arguments and rejected them under the proper legal standard and that this Court should not merely substitute its judgment for that of the Magistrate Judge. *See* Opp. at 2–3.

At this juncture, the Court is unable to determine whether Defendant is crying wolf or whether there are so many attorney general complaints that Defendant's response to RFP No. 27

2

would overwhelm the company.  In order to insure that Rule 26's proportionality standard is properly considered, and in light of the fact that fact discovery extends to November 30, 2018 and trial is set for June 24, 2019, the Court will bifurcate this portion of the discovery request. Defendant shall fully respond to RFP No. 25 no later than **September 10, 2018**.  Thereafter, Plaintiff shall identify those complaints as to which she requests production under RFP No. 27. Defendant's response will be due 30 days later.  If Defendant continues to object based on lack of proportionality, it may reassert that objection to Judge Cousins.  At that point, the Court will be able to realistically assess the number of responsive documents involved and the number of loan files implicated.

Accordingly, Defendant's motion for relief is DENIED IN PART AND GRANTED IN PART.

**IT IS SO ORDERED.**

Dated: August 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge