KRISTIN WALKER-PROBST (State Bar No. 206389)
kristin.walker-probst@wbd-us.com
NADIA N. ADAMS (State Bar No. 270428)
nadia.adams@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 557-3800
Facsimile: (714) 557-3347

MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION**

| | |
|---|---|
| PHYLLIS SANDIGO,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3, ASSET BACKED CERTIFICATES, SERIES 2007-3 and DOES 1-100,<br><br>Defendants. | Case No. 5:17-cv-02727-BLF<br>Hon. Beth Labson Freeman<br>Ctrm. 3<br><br>**DECLARATION OF KEVIN FLANNIGAN IN SUPPORT OF OCWEN LOAN SERVICING, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:  March 28, 2019<br>Time:  9:00 a.m.<br><br>Action Filed:  April 11, 2017<br>Removal Date:  May 11, 2017<br>Trial Date:  August 19, 2019 |

I, Kevin Flannigan, declare as follows:

1.  I am employed as a Senior Loan Analyst for Ocwen Loan Servicing, LLC ("Ocwen"), and am authorized to sign this declaration on behalf of Ocwen. This declaration is

provided in support of Ocwen's Reply to Plaintiff's Opposition to Ocwen's Motion for Summary Judgment.

2. As part of my job responsibilities for Ocwen, I have personal knowledge of and am familiar with the types of records maintained by Ocwen and the procedures for creating and maintaining those records, including the procedures for integrating records from prior loan servicers and/or lenders.

3. In the course of my employment responsibilities, I have access to the business records of Ocwen, including Ocwen's file concerning the loan that is the subject matter of this litigation (Loan number ending in 5841) ("the loan"), which Ocwen services.

4. The records of Ocwen relating to the subject loan are made in the ordinary course of business by persons whose job it is to make such records, and/or are received by Ocwen in the ordinary course of its business. The records were made at or near the time of the occurrence of the events which they record. I have personally reviewed Ocwen's records pertaining to the subject loan, including the loan origination, servicing, and foreclosure files. If called as a witness, I could and would testify truthfully with respect to the matters stated herein.

5. Ocwen's general policy is not to collect on accounts in bankruptcy. Ocwen does not place collection calls or send collection letters on past due accounts in bankruptcy status. Upon contact received from a borrower whose account is in a bankruptcy status, Ocwen will relay factual information regarding the status of the account, the next payment due, and the amount, but will not seek out payment. Ocwen does accept a payment voluntary offered by a borrower in bankruptcy.

6. For most loans, including Sandigo's loan, payments are due on the first of the month. For such loans, for a payment to be posted during a particular month, Ocwen must receive the full contractual payment owed on the first of the month no later than the last day of the month.

7. For accounts in bankruptcy status, if a short payment is received from a customer – i.e. a payment that is insufficient to cover the contractual principal, interest, and escrow (if any) amount due – the payment is placed into a "suspense" account associated with the customer, the

due date on the account does not advance to the following month, and – if no additional funds are received during that month – the payment for that month is deemed not received. If, during the month that a short payment is made, additional funds are received from the customer and those funds together with funds held in suspense are sufficient to complete the next contractual payment due on the account, then the payment is applied and the payment is deemed received for whichever monthly payment the account is then due. If a short payment is made and no additional funds are received during that month, then the short payment remains in suspense until such a time when the customer makes a payment sufficient to complete the next contractual payment due on the account.

8. As a general practice, for accounts that are not in bankruptcy, Ocwen stops accepting partial payments and holding the funds in suspense pending receipt of additional funds once an account becomes more than 89 days past due. Once this status is reached, Ocwen will only accept a payment that brings the account fully current.

9. This is not the case for accounts in a bankruptcy status, particularly Chapter 13 bankruptcy. For accounts in Chapter 13 bankruptcy, Ocwen continues to accept partial payments, holding them in suspense, and applying payments to the next due date upon receipt of additional funds sufficient to constitute a full payment, so long as a bankruptcy status is on the account.

10. Because of Sandigo's pending bankruptcy, the escrow department had no authority to allow a change in payment inconsistent with bankruptcy filings that reflected the monthly payment of $1,597.56. There was no meaningful contact between Ocwen and Sandigo from May 2014 until December 14, 2015. Although Ocwen had adjusted the account to reflect a monthly payment consistent with bankruptcy records, it could not have reached out to Sandigo to tell her that the payments she had been making were short because of the pending bankruptcy.

11. For various reasons, including customer courtesy, availability of funds in the escrow account, and being unhampered by bankruptcy proceedings, Ocwen made the decision to abandon the foreclosure proceedings, and to reverse and reapply payments made by Sandigo during her bankruptcy consistently with Sandigo's request to be de-escrowed for taxes as of June

2013. This process was completed on June 21, 2018. All late charges and foreclosure fees were also waived. *See* transaction history reflecting these changes attached hereto as **Exhibit 1**.

    I declare under penalty of perjury that the foregoing is true and correct. Executed March19, 2019, at Houston, Texas.

*/s/ Kevin Flannigan*
Kevin Flannigan

21000.0634/14770536.3      4      5:17-cv-02727-BLF

DECLARATION OF KEVIN FLANNIGAN IN SUPPORT OF OCWEN LOAN SERVICING, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT